IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00074-NYW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DEJANE REANIECE LATTANY,

        Defendant,

## DEFENDANT'S SENTENCING MEMORANDUM

As set forth in the Plea Agreement, the Defendant, Ms. Lattany, is pleading guilty to a single-count Information, charging a violation of 18 U.S.C. §1343 (wire fraud). The maximum sentence for such a violation is not more than 20 years of imprisonment; a fine of not more than the greater of $250,000 or twice the gain or loss from the offense, or both; not more than 3 years of supervised release; a $100 mandatory victim's fund assessment fee; plus restitution in an amount to be determined at the time of sentencing.

The parties agreed that, "[a]s to sentencing, the government agrees to recommend a sentence at the bottom of the guidelines range, as calculated by the Court. The defendant is free to file a motion for a variance under 18 U.S.C. §3553(a)."

Finally, the parties agreed on their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. With respect to Ms. Lattany's sentence, the parties agreed as set forth below:

    A.    The base guideline is § 2B1.1, with a base offense level of 7. § 2B1.1(a)(1).
    B.    An 18-level increase applies because the loss was more than $3,500,000 but less than $9,500,000.  §2B1.1(b)(1)(J).
    C.    A 2-level increase applies because the defendant derived more than $1,000,000 in gross receipts from one or more financial institution as a result of the offense.  § 2B1.1(b)(17)(A).
    D.    The adjusted offense level is 27.
    E.    The defendant should receive a 3-level downward adjustment for timely acceptance of responsibility.  The resulting total offense level is 24. §§ 3E1.1(a)–(b).
    F.    The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is determined by the Court based on the defendant's prior convictions.  Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be I.
    G.    The career offender/criminal livelihood/armed career criminal adjustments would not apply.
    H.    The advisory guideline range resulting from these calculations is 51–63 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 51 months (bottom of Category I) to 125 months (top of Category VI).  The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.

Accordingly, based on the parties' agreement, the range is 51 to 63 months, and the United States has agreed to recommend a sentence at the bottom of that range, i.e., 51 months, and further agreed that Ms. Lattany may argue for a reduced sentence under 18 U.S.C. §3553. A district court is given due deference to deviate from the Guidelines if it finds that "the §3553(a) factors, on a whole, justify the extent of the variance." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (citation omitted).

The factors to be considered under §3553 include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-

2

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines …
(5) any pertinent policy statement …
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In this case, Ms. Lattany requests that the Court impose a reduced sentence of 45 months pursuant to subsection (1), the nature and circumstances of the offense and the history and characteristics of the defendant.

As the United States will concede, Ms. Lattany has no prior criminal history, this was not a violent crime, and she is a mother with children who will be greatly affected by the absence of their mother for even 45 months. *United States v. Battles*, 745 F.3d 436, 443 (10th Cir. 2014) (downward variance granted on the grounds that "such a dispensation would 'at least mitigate the impact of [Ms. Battles's] incarceration on her children' and would not otherwise contravene the sentencing goals listed in 18 U.S.C. § 3553(a)"); *United States v. Mackay*, 20 F.Supp.3d 1287, 1297-99 (D. Utah 2014) (imposing lower sentence under §3553 because, among other issues, the defendant had no prior criminal history); *United States v. Zapata-Trevino*, 378 F.Supp.2d 1321, 1328-29 (D.N.M. 2005) (same).

Ms. Lattany has taken full responsibility for what he has done and is paying a dear price for her mistakes. But those mistakes do not define her. She is a good mother who is deeply

connected to her family and her faith. A young woman of color who legitimately built a business from the ground up that served as an asset to her community. She is everything that we would hope a citizen would be, save for the serious errors and lapses in judgment at issue here. Respectfully, the Court should craft a sentence that will keep the honest things in her life in place, while having the least impact on her children, which are the most important part of her world. There is a truth that Ms. Lattany should have thought of these things before engaging in the crime that she did, but the lessons she has learned here are real. Once she has completed her sentence, this court will not hear from her again.

Respectfully submitted for the Defendant

*s/Jason Flores-Williams, Esq.*
1851 Bassett St., #509
Denver, CO 80202
Phone: 303-514-4524
Email: Jfw@jfwlaw.net
*Counsel for Defendants/Claimant*

Date: 7.28.23

## CERTIFICATE OF SERVICE

I hereby certify that on this date, 7.28.23, that I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Jason Flores-Williams
Jason Flores-Williams