IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 23-cr-00074-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DEJANE REANIECE LATTANY,

    Defendant.

---

### ORDER ON MOTION TO MODIFY SELF-SURRENDER ORDER

---

This matter is before the Court on the Motion to Modify Self-Surrender Order (the "Motion") filed, through counsel, by Defendant Dejane Reaniece Lattany ("Defendant" or "Ms. Lattany"). [Doc. 43]. On August 15, 2023, this Court sentenced Defendant to 48 months' imprisonment, to be followed by three years of supervised release. [Doc. 25 at 2; Doc. 27]. The Court ordered Ms. Lattany to self-surrender to federal custody on September 28, 2023 by 12:00 p.m. [Doc. 32]. Then, on September 19, 2023, Ms. Lattany moved *pro se* to extend the self-surrender date to November 30, 2023. *See* [Doc. 37]. This Court granted Ms. Lattany's request in part. *See* [Doc. 41 at 4]. It concluded that it was without sufficient information to justify the requested two-month extension but nevertheless found good cause to extend the self-surrender date to October 30, 2023. [*Id.* at 3–4].

In the instant Motion, now represented by counsel, Ms. Lattany requests another extension of the self-surrender date, to November 30, 2023. [Doc. 43 at 1]. In support of her request, she states that she is "still addressing many of the same challenges she was facing when she filed her

original request to extend her self-surrender date," namely, Ms. Lattany remains in the process of setting up childcare and living arrangements for her three children during her period of incarceration. [*Id.* at 3]. She also states that she is in the process of taking her youngest child off of breastfeeding. [*Id.*]. She represents to the Court that the state court proceedings discussed in her first motion have concluded, but she is currently "facing . . . the forfeiture of her home" and is currently navigating that process. [*Id.*]. Ms. Lattany represents that she "feels very comfortable with a November 30, 2023 self-surrender date and does not foresee any future requests to extend this date." [*Id.*]. She also represents that the Government takes no position on the Motion. [*Id.* at 4].

"A request for a self-surrender date, or extension thereof, is a request for release on bail pending execution of sentence or pending appeal, as the case may be, under 18 U.S.C. § 3143." *United States v. Martinez*, No. 23-50534, 2023 WL 5316497, at *1 (5th Cir. Aug. 14, 2023); *see also United States v. Roeder*, 807 F. App'x 157, 159 (3d Cir. 2020). Under the statute,

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). Ms. Lattany asserts in her Motion that she has complied with all conditions of pretrial release, has no history of failing to appear, has not incurred any new law violations, has no history of violence, and poses no risk to the community. [Doc. 41 at 3–4]. She requests that the Court find by clear and convincing evidence that she is not likely to flee and is not a danger to the community. [*Id.* at 4].

The Court finds, by clear and convincing evidence, that Ms. Lattany is not a flight risk or

2

a danger to the community. At the beginning of this case, Ms. Lattany was released on bond, subject to certain conditions of release. [Doc. 7]. This Court continued Ms. Lattany's bond after her change of plea, pending sentencing, *see* [Doc. 12 at 2], and also continued her bond after sentencing, pending her self-surrender. [Doc. 25 at 2]. There have been no reports of any violations of the conditions of Ms. Lattany's release. Indeed, the Presentence Investigation Report ("PSR") confirms that Ms. Lattany has complied with her conditions of supervision and has not incurred any new law violations. [Doc. 22 at 3]. The PSR also demonstrates that Ms. Lattany has close familial relationships in Colorado, [*id.* at 14], and is a primary caretaker of her children. [*Id.* at 15]. In addition, the Court notes that Ms. Lattany's offenses were not crimes of violence.

For these reasons, the Motion to Modify Self-Surrender Order is **GRANTED**. The self-surrender date is **EXTENDED** to **November 30, 2023 at 12:00 p.m.** However, Ms. Lattany is expressly advised that **this Court is not inclined to grant any further extensions of the self-surrender date absent extraordinary circumstances**, as Ms. Lattany has been on notice since her Change of Plea hearing on April 26, 2023 that she was likely facing a term of incarceration.

It is further **ORDERED** that Ms. Lattany remains subject to the conditions of release set forth in the Order Setting Conditions of Release. *See* [Doc. 7]. A Second Amended Voluntary Surrender Order Supplementing Judgment will issue with this Order.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) The Motion to Modify Self-Surrender Order [Doc. 43] is **GRANTED**; and

(2) Defendant's self-surrender date is **EXTENDED** to **November 30, 2023**, by **12:00 p.m.**

DATED: October 27, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge