**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 23-cr-00074-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DEJANE REANIECE LATTANY,

    Defendant.

---

### ORDER ON MOTION FOR CONTINUED RELEASE ON CONDITIONS

---

This matter is before the Court on the Motion for Continued Release on Conditions (the "Motion" or "Motion for Release") filed on November 28, 2023 by Defendant Dejane Reaniece Lattany ("Defendant" or "Ms. Lattany"). [Doc. 55]. On August 15, 2023, this Court sentenced Defendant to 48 months' imprisonment, to be followed by three years of supervised release. [Doc. 25 at 2; Doc. 27]. The Court ordered Ms. Lattany to self-surrender to federal custody on September 28, 2023. [Doc. 32]. Ms. Lattany successfully moved to extend the self-surrender date on two occasions, *see* [Doc. 41; Doc. 44], and the Court ordered Ms. Lattany to self-surrender on November 30, 2023 by 12:00 p.m. *See* [Doc. 45]; *see also* [Doc. 53 (this Court permitting Ms. Lattany to self-surrender in Denver, Colorado)].

On November 13, 2023, Ms. Lattany filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (the "Motion to Vacate"). *See* [Doc. 46]. And on November 28, 2023, Ms. Lattany filed the instant Motion, requesting that she be released on conditions pending the resolution of her Motion to Vacate. *See* [Doc. 55].

"While no Constitutional or statutory right exists, Federal courts have the inherent power to release a state prisoner on bond, pending [a] decision on a petition for habeas relief." *United States v. Cook*, No. 15-cr-03224-WJ-LF-1, 2022 WL 1604715, at *1 (D.N.M. May 20, 2022) (citing *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981)). However, this authority is to be exercised "very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *see also Datson v. Clark*, 900 F.2d 77, 789 (6th Cir. 1990) (explaining that "as a practical matter, the motions for bail will be denied in most of the habeas proceedings" because "[t]here will be few occasions where a prisoner will meet this standard"). "An inmate seeking federal habeas relief must, in order to obtain release pending a determination on the merits of [her] petition, make a showing of exceptional circumstances or demonstrate a clear case on the merits of [her] habeas petition." *United States v. Palermo*, 191 F. App'x 812, 813 (10th Cir. 2006) (citing *Pfaff*, 648 F.2d at 693).[1]

Ms. Lattany contends that she can demonstrate both a clear case on the merits and exceptional circumstances warranting release. First, she asserts that she "would contend that she has demonstrated a clear case on the merits," directing the Court to her Motion to Vacate. [Doc. 55 at 2–3]. In the Motion to Vacate, Ms. Lattany argues that she was deprived of effective assistance of counsel because, among other reasons, her former attorney made "promises and

---

[1] *But see Vreeland v. Zupan*, 644 F. App'x 812, 813 (10th Cir. 2016) (finding that the petitioner was required to "show *not only* a clear case on the merits of the habeas petition, *but also* exceptional circumstances" (emphasis added)). In *Vreeland*, the petitioner had filed his habeas petition nearly eight years into his sentence. *See id.* The Tenth Circuit specifically noted the "late stage" of the proceedings in concluding that the petitioner was required to make both showings. *See id.* The Court finds *Vreeland* distinguishable and will follow the *Palermo* court's directive that a petitioner is required to show exceptional circumstances *or* a clear case on the merits. *See Coriz v. Rodriguez*, 347 F. Supp. 3d 707, 715 (D.N.M. 2018) (distinguishing *Vreeland* and concluding that because "the case [was] in its early stages, as Petitioner filed his habeas petition within weeks of his conviction and sentencing," the court would "therefore treat the *Pfaff v. Wells* requirements as alternatives").

2

advisement of the law turned out to be untrue"; misinformed her "about legal concepts and potential outcomes, leading to uninformed and detrimental decisions"; "[c]oerc[ed] [her] to accept a plea deal against [her] wishes and best interest"; and failed to adequately communicate with her or prepare her for the various stages of her case. [Doc. 46 at 3–4].[2]

To succeed on an ineffective-assistance-of-counsel argument, a petitioner must show that counsel's performance was deficient, i.e., that it "fell below an objective standard of reasonableness" and was "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The petitioner must also show that counsel's deficient performance prejudiced her by showing, in the plea context, a "reasonable probability" that, but for counsel's deficient performance, she would not have pleaded guilty and would have insisted on going to trial. *Lee v. United States*, 582 U.S. 357, 363 (2017).

Without prejudging the merits of the Motion to Vacate, the Court cannot conclude that Ms. Lattany has made a sufficient showing of a clearly meritorious post-conviction case. The Seventh Circuit has explained that

> A defendant . . . who waived [her] right of appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of [her] postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek*, 767 F.2d at 337. The Court first notes that, other than directing the Court to her Motion to Vacate, Ms. Lattany does not explain how she has demonstrated a clear case on the merits. *See*

---

[2] Ms. Lattany's Motion to Vacate also suggests that the Government failed to comply with its obligations under *Brady v. Maryland*. *See* [Doc. 46 at 4–5]. However, Ms. Lattany does not reference these assertions in her Motion for Release or argue that these assertions constitute a clear case on the merits. *See generally* [Doc. 55]. Accordingly, Ms. Lattany has not demonstrated that these assertions form the basis of a clear case on the merits and the Court does not address these allegations at this juncture.

3

[Doc. 55 at 2–3]. Furthermore, in her Motion to Vacate, Ms. Lattany does not expressly argue that absent counsel's deficient performance she would have not pleaded guilty and would have instead gone to trial, as required to demonstrate the prejudice prong of the *Strickland* test. *See generally* [Doc. 46].

In addition, at the change of plea hearing, the Court confirmed that Ms. Lattany understood the plea agreement, agreed that the facts in the plea agreement were true, and had signed the plea agreement. Ms. Lattany also confirmed that she believed she was guilty of the crime charged and that she understood the consequences of entering a guilty plea, including the maximum possible sentence. The Court asked Ms. Lattany whether she had discussed the charges against her and the plea agreement with her attorney and whether her attorney had answered all of her questions to her satisfaction; Ms. Lattany answered affirmatively. The Court also asked Ms. Lattany whether she was satisfied with her attorney's representation and whether she believed she had been fully advised about her case; she answered affirmatively. These "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and "the Tenth Circuit has refused to credit conclusory claims of ineffective assistance of counsel where the defendant expresses satisfaction with counsel during the plea colloquy," *United States v. Been*, No. 4:21-cr-00493-GKF-3, 2023 WL 6847573, at *3 (N.D. Okla. Oct. 17, 2023) (collecting cases); *see also United States v. Snisky*, 725 F. App'x 666, 670 (10th Cir. 2018).

For these reasons, the Court cannot conclude at this time that Ms. Lattany has demonstrated a "clear case on the merits" warranting release pending the resolution of her Motion to Vacate. However, the Court emphasizes that it will fully consider all of Ms. Lattany's arguments raised in the Motion to Vacate, as well as the Government's anticipated response and any reply filed by Ms. Lattany, when it rules on the Motion to Vacate.

In the alternative, Ms. Lattany argues that she has demonstrated exceptional circumstances warranting continued release pending the resolution of her Motion to Vacate. [Doc. 55 at 3]. She contends that incarceration would "present[] a substantial impediment to accessing necessary resources to substantiate the assertions made" in her Motion to Vacate, "thereby potentially thwarting the administration of justice." [*Id.*]. She also notes that is not represented with respect to her Motion to Vacate. [*Id.*].

The Court respectfully concludes that Ms. Lattany has not demonstrated exceptional circumstances warranting continued release pending the resolution of her Motion to Vacate. "The Court must strictly enforce the 'exceptional circumstances' limitations to avoid opening the floodgates for requests for release regardless of the intrinsic merits of a habeas motion." *Cook*, 2022 WL 1604715, at *2 (citing *United States v. Dansker*, 561 F.2d 485, 487 (2d Cir. 1977)). While the Court understands and acknowledges the inherent difficulties in litigating a case while incarcerated, those difficulties are unfortunately not unique or exceptional, and to demonstrate extraordinary circumstances justifying release, the petitioner must "demonstrate that [her] case is distinguishable from other habeas cases." *United States v. Bankhead*, No. 2:18-cr-20784-PDB-APP, 2020 WL 673861, at *3 (E.D. Mich. Jan. 7, 2020), *report and recommendation adopted*, WL 628480 (E.D. Mich. Feb. 10, 2020) (quotation omitted). In its independent research, the Court could locate no case in which a court found exceptional circumstances based on the mere fact that the petitioner was incarcerated. In fact, "a petitioner's continued confinement during habeas review is normally not considered an extraordinary circumstance entitling [her] to bail." *United States v. Callahan*, No. 2:13-cr-00453-GRB-AKT-1, 2019 WL 3457987, at *3 (E.D.N.Y. July 31, 2019), *aff'd sub nom. United States v. Manson*, 788 F. App'x 30 (2d Cir. 2019); *cf. Lewis v. Casey*, 518 U.S. 343, 355 (1996) ("Impairment of . . . litigating capacity is simply one of the incidental

5

(and perfectly constitutional) consequences of conviction and incarceration."). Furthermore, although Ms. Lattany proceeds in the post-conviction proceedings pro se, there is no constitutional right to counsel in proceedings under § 2255. *United States v. Ellick*, 3 F. App'x 870, 871 (10th Cir. 2001). Accordingly, the Court concludes that Ms. Lattany has not demonstrated exceptional circumstances warranting release pending the resolution of the Motion to Vacate.

For all of these reasons, the Motion for Release is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) The Motion for Continued Release on Conditions [Doc. 55] is **DENIED**; and

(2) Defendant Dejane Reaniece Lattany is **ORDERED to SELF-SURRENDER on November 30, 2023 by 12:00 p.m. to the United States Marshals Service in Denver, Colorado. Failure to do so may place Defendant in absconsion status.**

DATED: November 29, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge