In The United States District Court

For The District of Colorado

| United States of America | Criminal Case No. 1:23-cr-00074-NYW-1 |
|---|---|
| Vs. | |
| Dejane Beaniece Lattany | * Supplement Exhibits |

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 05 2024

JEFFREY P. COLWELL
CLERK

Exhibit 1: Recent Health Records that Confirm the Declination of Both my physical And Mental Health

Exhibit 2: My State plea Agreement, showing that my former counsel DID Not Allow me to Read and Initial myself, indicating my understanding of the contents of the plea Agreement. Instead, My former counsel Initialed my Initials for me and Dated the Last page Next to my signature, stating that He would explain Later. However, He Never explained. An Expert Whitness can Easily Be employed to conclude that the Initials and Dates Are not my handwriting. I am also willing to take a Lie Detector Test on my statement that I was and Still am Unaware of the charges And their Nature, the Penal consequences of my plea Agreement, and the Rights I was Waiving By pleading Guilty. This is why it took for the counsel that you appointed to me

(For my appeal that I requested) To inform me that I signed an appelate waiver and I could not proceed with a direct appeal and would need to take the avenue of a 2255 instead. This exhibit can be used to back up my statements within my 2255 motion as well.

Exhibit 3: Bureau of Prisons sentence computation sheet showing the state of Colorado Detainer Disqualifying me for Home Confinement in 2025 (even with my sentence of imprisonment for the state will be over/completed). Because of the concurrent sentence, the state and the BOP has decided to detain me until 2027 making all of my Good Conduct Time, First Step Act Credits and Second chance Act none applicable. The Bop and the state of Colorado wants me detained until the date of my parole with them has ended. Not only does this stop me from Getting Back to colorado to Report for their parole on time, Report to Probation/Halfway house and Home Confinement sooner, This Detainer stops me from being placed in the correct population (with minimum custody none violent offenders). I am not a flight risk And my Health is declining in this environment. The Bop's interpretation of my concurrent sentence as a Detainer, is the reason I need This Federal Court to Intervene Because I am experiencing Cruie and Unusual Punishment, more Punitive than this Court intended.

Exhibit 4: Order showing the court for my State Case refusing
to Intervene By Denial After I Have reached out
Several Times and followed the court's instruction
to Reach out to the Colorado Department of
Corrections, who State they did not Request
a Detainer on me. And I cannot request
Special needs Parole Because I am in
BOP Custody. And I Dont Have a case manager
with the CDOC.

I Am Asking this Federal Court to Consider Modifying the
Remainder of my Federal Sentence to Home Confinement Due
To All of the complications and Custody placement issues
that I am enduring while my Health is declining. On home
Confinement, I will Be Legally Under Bureau of Prisons Custody.
Thank you for Taking the Time to Consider my Requests
and prayers.

Respectfully Submitted,
Dejane Beaniece Lattany
51090-510
FMC Caswell
Fort Worth Texas.

**Bureau of Prisons**
**Health Services**
**Health Problems**

Reg #: 51090-510     Inmate Name: LATTANY, DEJANE REANIECE

## Current

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| Anemia, unspecified<br>01/12/2024 15:10 EST Babalola, Esther (MOUD) DNP, FNP-BC<br>In pregnancy | | ICD-10 | D649 | 01/12/2024 | Current | |
| Obesity<br>12/06/2023 12:49 EST Babalola, Esther (MAT) DNP, FNP-BC<br>BMI= 41 | | ICD-10 | E669 | 12/06/2023 | Current | |
| Major Depressive Disorder: Single Episode: Severe<br>09/04/2024 14:31 EST Allison, C. (MOUD) MD, Chief Psychiatrist<br>with anxious distress | I | DSM-IV | F32.2 | 09/04/2024 | Current | |
| Major Depressive Disorder: Recurrent Episode: Severe<br>09/04/2024 16:13 EST Reynolds, A. PsyD, Clinical Psychologist<br>With peripartum onset | I | DSM-IV | F33.2 | 08/30/2024 | Current | |
| Unspecified Trauma- And Stressor-Related Disorder<br>09/04/2024 14:31 EST Allison, C. (MOUD) MD, Chief Psychiatrist | I | DSM-IV | F43.9 | 09/04/2024 | Current | |
| Inflammation of eyelid<br>08/30/2024 14:48 EST Sotayo, O. (MOUD) APRN,FNP-C<br>R>L | | ICD-10 | H019 | 08/30/2024 | Current | |

Exhibit 1



Exhibit 1

atlany, Dejane

34years
Female
Black

ID: 51o9o-51o

Vent. rate        49 bpm
PR interval       194 ms
QRS duration      82 ms
QT/QTc            474/428 ms
P-R-T axes        49   38   42

30-Aug-2024    10:45:34    FMC Carswell Clinic

**Marked sinus bradycardia**
**Abnormal ECG**

Technician: Tmasters Rn
Test ind:

Referred by:

Unconfirmed

8/26/2024 JPS mFm
HR 56
she told them h/o
1st degree AV block
echo, holter CXR, vitals
ordered JM

510 90-510

MAC55 009A'



Exhibit 1

atlany, Dejane

34 years
Female          Black

Technician: Tmasters Rn
Test ind:

ID: 51c9o-51o

Vent. rate        48 bpm
PR interval      188 ms
QRS duration     82 ms
QT/QTc       472/421 ms
P-R-T axes    53  30  19

30-Aug-2024   10:46:00      FMC Carswell Clinic

Marked sinus bradycardia with sinus arrhythmia
Abnormal ECG

Referred by:

Unconfirmed

aVR      V1      V4

aVL      V2      V5

aVF      V3      V6

I

II

III

V1

II

V5

150 Hz      25.0 mm/s   10.0 mm/mV      4 by 2.5s + 3 rhythm lds      MAC55 009A      12SL™ v237

Exhibit 1

# FMC Carswell

## J Street, Building 3000, Fort Worth, TX  79127
### Tel:  817.782.4719  Fax: 817.782.4602

## Report prepared by DigiCardio, Inc.  Tel: 866.344.4227

## HOLTER MONITOR REPORT

| Patient Name: | **90510091224 Black Disk 1** | Interp. Physician: Janet Shackleford, M.D. | |
|---|---|---|---|
| Date of Birth: | 6/30/1990 | Scan Number: | |
| ID : | 90510091224 | Date Recorded: | 9/12/2024  @   6:53 |
| Age: | 34  Years | Date Processed: | 9/26/2024 |
| Sex: | M | Recorder Num: | 041707 |
| Analyst: | CE | HookupTech: | AAB |
| Physician: | Janet Shackleford, M.D. | | |
| Indications: | | Medications: | |

The patient was monitored for a total of 47:59 hours. The total time analyzed was 45:04 hours. Start time was 6:53am1. There was a total of 172297 beats. Less than 1% were Ventricular beats, less than 1% were Supraventricular beats, and patient is not paced.

Mean Heart Rate: 64                    Total Beats: 172297
Maximum Heart Rate:147 @ 6:22am2    Tachycardia beats:  11159 (>=100 BPM)        6%
Minimum Heart Rate: 38 @ 10:49pm1    Bradycardia beats:  31833 (<= 50 BPM)        18%
        Pauses:  0 (> 2.5 sec.)        Longest RR at:    1.65 seconds at 10:51pm2

**Ventricular Ectopy**                **Supraventricular Ectopy**
        Total:    163                        Total:    19
    Early/Late: 126/ 37                        Single:   16
        Pairs:    0                        Pairs:    0
    Total Runs:   0                    Total Runs:   0
    Beats in Runs:  0                    Beats in Runs:  0
    Longest Run:  0 @ 6:53am1 ( 0 BPM)    Longest Run:  0 @ 6:53am1 ( 0 BPM)
    Fastest Run:  0 @ 6:53am1 ( 0 BPM)    Fastest Run:  0 @ 6:53am1 ( 0 BPM)
        RonT:     0                        Aberrant:  3

**RR Variability**            **ST Absolute**
    SDNN:  247.57 ms        Depression:  *** mm
    pNN50: 30.095  %        Elevation:  *** mm
    RMSSD: 61.565 ms
    SDSD:  61.565 ms

Underlying sinus rhythm. Periods of slight sinus arrhythmia.

Periods of sinus bradycardia totaled just over 11 hours.

Periods of sinus tachycardia totaled 1.75 hours.

Non-specific ST-T wave changes.

Occasional primarily unifocal PVCs.

Rare PACs.

Isolated patient event correlated with sinus tachycardia.

At the Mean HR of 64 bpm, PR interval = 0.16 sec, QRS duration = 0 sec, QT interval = 0.39 sec, and QTc = 0.40 sec, all within normal limits.

Lattany, Dejane
51090 - 510
6/30/1990

Physician's Signature:

Janet Shackleford. M.D.                    Date

*Exhibit 2*

<table>
<tr><td>
DISTRICT COURT,<br>
CITY AND COUNTY OF DENVER, COLORADO<br>
520 West Colfax Ave.<br>
Denver, Colorado 80204<br>
<hr>
THE PEOPLE OF THE STATE OF COLORADO,<br>
Plaintiffs,<br><br>
v.<br><br>
DEJANE REANIECE LATTANY<br>
(DOB 06/30/1990)<br><br>
Defendant.
</td><td>
DATE FILED: May 18, 2023 10:54 AM<br>
FILING ID: 37640A5C5757A<br>
CASE NUMBER: 2022CR6134<br><br><br><br><br><br>
▲ <b>COURT USE ONLY</b> ▲
</td></tr>
<tr><td>
PHILIP J. WEISER, Attorney General<br>
Daniel T. Brechbuhl*<br>
Assistant Attorney General II<br>
Ralph L. Carr Colorado Judicial Center<br>
1300 Broadway, 9th Floor<br>
Denver, CO 80203<br>
(720) 508-6482<br>
E-Mail: Daniel.Brechbuhl@coag.gov<br>
Registration Number: 31047<br>
*Counsel of Record
</td><td>
Case No.: 22CR6134<br><br>
Courtroom: 5G
</td></tr>
</table>

## DEFENDANT'S REQUEST TO PLEAD GUILTY

This document represents my desire to plead guilty. I know that I have the right to remain silent, that I do not have to make this request, and anything I write or say may be used against me. Knowing that, I swear or affirm that I have read and understand everything in this and all of the documents I have submitted in this case. I understand all of the rights that I am giving up by pleading guilty.

Defendant's Initials:

*DL* 1. I am *32* years old. I have completed *College* years of school. At this time my mental and physical health is satisfactory. I am thinking clearly. My decision to plead guilty is not being affected in any way by alcohol, drugs, or medication.

*DL* 2. I understand what is happening in this Courtroom today. I read, speak, and understand the English language, or all of the documents and proceedings in this matter have been fully explained to me in a language that I understand.

*DL* 3. I understand that if I am not a citizen of the United States, this guilty plea can cause deportation, exclusion from admission to the United States, or denial of naturalization, or other immigration consequences.

*DL* 4. I understand the nature of the charge(s) against me and the elements of the charge(s), which the prosecution would have to prove beyond a reasonable doubt to a unanimous jury before I could be found guilty at trial. The essential elements of the crime to which I am pleading guilty are <u>attached</u> to this document. With my lawyer, I have reviewed the

4/2/24, 8:33 AM                                    Inmate Locator

An official website of the United States government.   Here's how you know

A-Z Topics    Site Map    FOIA

Search bop.gov

# Find an inmate.

Locate the whereabouts of a federal inmate incarcerated from 1982 to the present. Due to the First Step Act, sentences are being reviewed and recalculated to address pending Federal Time Credit changes. As a result, an inmate's release date may not be up-to-date. Website visitors should continue to check back periodically to see if any changes have occurred.

**Find By Number**       **Find By Name**

First          Middle          Last          Race          Age     Sex

dejane                        lattany

**1** Result for search **dejane lattany**                    Clear Form



## DEJANE REANIECE LATTANY

Register Number: 51090-510

Age:    33
Race:   Black
Sex:    Female

Located at: Los Angeles MDC

Release Date: 04/05/2027

Related Links

Facility Information
Call or email
Send mail/package
Send money
Visit
Voice a concern

About the inmate locator & record availability

| About Us | Inmates | Locations | Careers | Business | Resources | Resources For ... |
|---|---|---|---|---|---|---|
| About Our Agency | Find an Inmate | List of our Facilities | Life at the BOP | Acquisitions | Policy & Forms | Victims & Witnesses |
| About Our Facilities | First Step Act | Map of our Locations | Explore Opportunities | Solicitations & Awards | News Stories | Employees |
| Historical Information | Communications | Search for a Facility | Current Openings | Reentry Contracting | Press Releases | Volunteers |
| Statistics | Custody & Care | | Application Process | | Publications | Former Inmates |
| | Visiting | | Our Hiring Process | | Research & Reports | Media Reps |
| | Report a Concern | | | | | |

Accessibility | Contact Us | FOIA | Information Quality | No FEAR Act | Privacy Policy | Website Feedback
USA.gov | Justice.gov | Open Government

Exhibit 2

**attached document(s)** explaining the elements of the charge I am pleading guilty to. I have signed the attached document(s) because I thoroughly understand them.

5. I understand that I have each of the following rights:

   (a) I know that I have the right to plead "not guilty" to all charges against me and to have a speedy and public trial to a jury of 12 persons or to a judge on all charges against me.

   (b) I know that I have the right to be represented by a lawyer at all stages of these proceedings, and if I cannot afford a lawyer, the Court will appoint a lawyer for me, free of charge.

   (c) I know that I have the right to be presumed innocent at trial and to require the prosecution to prove at trial each element of each charge beyond a reasonable doubt before I could be found guilty.

   (d) I know that at that trial I have the right to see and cross-examine all witnesses who might testify against me.

   (e) I know that I have the right to present any defense I might have, and to call any witnesses in my own defense. If those witnesses were unwilling to appear, I understand that the Court would issue subpoenas at my request and would order those witnesses to appear and testify. I understand that I would have no burden to present any evidence or witnesses at trial. I would not have to prove myself not guilty. I would be presumed innocent at trial and the burden to prove my guilt would rest solely with the prosecution.

   (f) I know that I have the right to remain silent, and not say anything or make any statement whatsoever about this case. I know that if I do choose to make any statement, that statement could be used against me in Court.

   (g) I also know that I have the right to either testify at trial or to remain silent, and that if I chose not to testify, I could have the Judge instruct the jury that they could not consider my decision to not testify for any purpose. I understand that whether I testified or not at trial would be purely my decision.

   (h) I know that if I were convicted of any charge at trial I would have the right to appeal that conviction to a higher Court.

   (i) I know that I may have a right to a Preliminary Hearing, and I understand that right.

   (j) I am aware that I may have the right to bail, and I am aware of the amount of that bail.

   (k) **I know that when I plead guilty, except for the right to counsel, I give up all of these rights and all possible defense(s) to the charge(s).**

2

6. The decision to plead guilty is my decision and it has been made freely and voluntarily. There has been no threat, coercion, undue influence, or force used to make me plead guilty. I know that I do not have to follow my lawyer's advice and that I do not have to plead guilty. This is my decision to plead guilty.

7. I know that a plea of guilty admits the charge, and a plea of not guilty denies the charge. I admit the charge(s) to which I am pleading guilty and each of the elements, which are <u>attached</u> to this document. I also admit that there are sufficient facts in this case which could be presented at trial by the prosecution, which would result in a strong likelihood of my conviction.

8. To the charge(s) of **COUNT THREE: MEDICAID FRAUD AND WASTE 24-31-808(1)(g), (4), C.R.S. (Class 5 Felony){53651}**, I plead **GUILTY**.

9. The elements of the charge(s) to which I am pleading guilty, which are <u>attached</u> to this document, have been explained to me. I understand fully everything the prosecutor would have had to prove beyond a reasonable doubt to each and every member of a 12-person jury before I could have been convicted.

10. I understand that one of the elements, which the prosecutor would have had to prove, is my mental state at the time of commission of the crime. In addition to understanding the elements, I understand the applicable definition(s) below, and I understand what the prosecutor would have had to prove in that regard:

INTENTIONALLY: A person acts "intentionally" or "with intent" when his/her conscious objective is to cause the specific result proscribed by the statute defining the offense. It is immaterial whether or not the result actually occurred.

KNOWINGLY or WILLFULLY: A person acts "knowingly" or "willfully" with respect to conduct or to a circumstance described by a statute defining an offense when he/she is aware that his/her conduct is of such nature or that such circumstance exists. A person acts "knowingly" or "willfully" with respect to a result of his/her conduct when he/she is aware that his/her conduct is practically certain to cause the result.

RECKLESSLY: A person acts "recklessly" when he/she consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists.

NEGLIGENTLY: A person acts with "criminal negligence" when, through a gross deviation from the standard of care that a reasonable person would exercise, he/she fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists.

11. I understand that the Court is not bound by and does not have to follow anyone's recommendations concerning the entry of a guilty plea, the penalty to be imposed, and the granting or denial of probation. Any proposed plea agreement and any concession(s) are fully and accurately set forth in this written document.

12. I have had a full opportunity to discuss with my lawyer everything I know about this case and all defenses that may be available to me. My lawyer has also discussed the elements of the charges, which the prosecutor would have to prove, all lesser included charges, and all possible defenses. I understand my lawyer, and I am satisfied with the advice and

3

EXHIBIT 2

representation I have received from my lawyer.

13. I understand that if the Court accepts my guilty plea to a felony I will stand convicted of a felony. I understand that this felony conviction may be used against me in any future proceeding under the habitual criminal laws. I also understand that my felony conviction may be used against me in any future proceeding concerning my credibility. If I have entered into a Stipulation of a Deferred Judgment and Sentence, and I have not yet completed the terms of that agreement, my guilty plea may be used against me in any future proceeding. I understand if I have entered into a Stipulation of a Deferred Judgment and Sentence and I violate the terms of that agreement, I may stand convicted of a felony and then I will be re-sentenced by the Court.

14. I understand the full range of potential penalties for my offense(s) as set forth below and in the chart of applicable sentencing ranges on page 6.

(a) I know that if I plead guilty to a felony, I may be sentenced to the custody of the Department of Corrections (prison), as shown in the below chart on page 6 for my applicable sentencing range. I understand that the Department of Corrections will determine my place of incarceration.

(b) If applicable, I understand and agree that there exist facts or circumstances surrounding the offense(s) I committed which are extraordinarily aggravating and will call for the Judge to impose a sentence above the maximum in the presumptive range, and as high as the maximum shown in the "extraordinary circumstances" portion of the box marked in the chart below. I agree to such a sentence. I understand that I have the right to require the prosecution to prove to a unanimous jury beyond a reasonable doubt any facts that bear upon whether extraordinary aggravating circumstances are present and upon whether any sentence will be above the top of the presumptive range. I understand and agree that by pleading guilty, I give up that right, including the right to have those facts proved beyond a reasonable doubt and the right to have them determined by a jury. I understand that my guilty plea is a waiver of my right to a jury trial on all issues including the determination of the penalty to be imposed and of all facts relating to, or supporting, a sentence above the top of the presumptive range.

(c) If applicable, I know that if the Judge were to conclude that extraordinary mitigating or aggravating circumstances are present in my case, I could be sentenced to any term of imprisonment from the minimum to the maximum sentence allowed by law as set out in the "extraordinary circumstances" portion of the box marked in the chart below on page 6. I understand that I have the right to require the prosecution to prove to a unanimous jury beyond a reasonable doubt any facts that bear upon whether extraordinary aggravating circumstances are present and upon whether any sentence will be above the top of the presumptive range. I understand and agree that by pleading guilty, I give up that right, including the right to have those facts proved beyond a reasonable doubt and the right to have them determined by a jury. I agree to let the Judge, in the Judge's discretion, decide all such facts and decide whether or not extraordinary aggravating circumstances are present in my case and whether or not to impose a sentence above the top of the presumptive range. I understand that my guilty plea is a waiver of my right to a jury trial on all issues including the determination of the penalty to be

4

imposed and of all facts relating to, or supporting, a sentence above the top of the presumptive range.

*N/A* (d) If applicable, I understand and agree that my criminal record will allow the Judge to impose a sentence above the maximum in the presumptive range, and as high as the maximum shown in the "extraordinary circumstances" portion of the box marked in the chart below on page 6. I understand that I have the right to require the prosecution to prove to a unanimous jury beyond a reasonable doubt facts about my criminal record that bear upon whether extraordinary aggravating circumstances are present and upon whether any sentence will be above the top of the presumptive range. I understand and agree that by pleading guilty, I give up that right, including the right to have any such facts proved beyond a reasonable doubt and the right to have them determined by a jury. I understand that my guilty plea is a waiver of my right to a jury trial on all issues including the determination of the penalty to be imposed and of all facts about my criminal record relating to, or supporting, a sentence above the top of the presumptive range.

*N/A* (e) If applicable, I understand and agree that I am pleading guilty to a "crime of violence." A "crime of violence" sentencing requires the Court to sentence me to prison for at least the midpoint in the presumptive range and no more than twice the maximum of the presumptive range, as shown on the chart below on page 6. I understand and agree that the minimum mandatory sentence shall be _____ years in prison with a maximum potential sentence of _____ years in prison.

*N/A* (f) If applicable, I know that if the Court sentences me to incarceration for a felony, that sentence must be to at least the midpoint, but not more than twice the maximum in the presumptive range, if, at the time of committing the crime(s) in this case, I was:

_____ On probation or parole for another felony, or
_____ Confined or had escaped while completing a felony sentence, or
_____ On bond after revocation of probation for another felony or for an act that would have been a felony if committed by an adult, or
_____ On a felony appeal bond.

I understand and agree that by pleading guilty, I give up any right I might have to have a jury determine whether any of these circumstances are present in my case, and I agree to allow the Judge to make that determination and decide whether my sentence will be above the top of the presumptive range. Further, I admit that circumstances that I have initialed above are present in my case.

_____ (g) If applicable, I know that if the Court sentences me to incarceration for a felony, the Court must sentence me to at least the minimum, but not more than twice the maximum in the presumptive range, if, at the time of committing the crime(s) in this case, I was:

_____ Charged with or on bond for another felony in another case for which I have now been convicted, or
_____ Charged with or on bond for an act that would be a felony if committed by an adult, or
_____ Under a Deferred Judgment and Sentence for a felony or for an act that would be a felony if committed by an adult, or
_____ On a juvenile parole for an offense that would be considered a

5

Exhibit 2

felony if committed by an adult, or

_____ On bond after pleading guilty to a lesser offense when the original offense charged was a felony or would be a felony if committed by an adult. I understand and agree that by pleading guilty, I give up any right I might have to have a jury determine whether any of these circumstances are present in my case, and I agree to allow the Judge to make that determination and decide whether my sentence will be above the top of the presumptive range. Further, I admit that circumstances that I have initialed above are present in my case.

_____ (h) I know that if I receive a sentence to the Department of Corrections, I must serve a mandatory period of parole as indicted <u>below</u>. Parole is after, in addition to and distinct from any other sentence imposed. Additionally, if my parole is revoked I may be required to serve the time remaining on parole in the Department of Corrections. The period of parole I must serve is as indicated in the box marked in the following sentencing range chart:

| **MARKED BOX BELOW INDICATES APPLICABLE SENTENCING RANGE** | **FELONIES** COMMITTED ON OR AFTER JULY 1, 1993 | | | | | |
|---|---|---|---|---|---|---|
| | | **PRESUMPTIVE RANGE** | | **EXTRAORDINARY CIRCUMSTANCES** | | **MANDATORY PERIOD of PAROLE** |
| | **CLASS** | MINIMUM | MAXIMUM | MINIMUM | MAXIMUM | MANDATORY PAROLE |
| | **1** | Life Imprisonment | Death | Life Imprisonment | Death | |
| | **2** | 8 years $5,000 fine | 24 years $1,000,000 fine | 4 years | 48 years | 5 years |
| | **3** | 4 years $3000 fine | 12 years $750,000 fine | 2 years | 24 years | 5 years |
| | Extra-ordinary Risk Crime | 4 years $3000 fine | 16 years $750,000 fine | 2 years | 32 years | 5 years |
| | **4** | 2 years $2000 fine | 6 years $500,000 fine | 1 year | 12 years | 3 years |
| | Extra-ordinary Risk Crime | 2 years $2000 fine | 8 years $500,000 fine | 1 year | 16 years | 3 years |
| XXX | **5** | 1 year $1000 fine | 3 years $100,000 fine | 6 months | 6 years | 2 years |
| | Extra-ordinary Risk Crime | 1 year $1000 fine | 4 years $100,000 fine | 6 months | 8 years | 2 years |

6

| | 6<br><br>Extra-<br>ordinary<br>Risk<br>Crime | 1 year<br>$1000 fine | 18 months<br>$100,000<br>fine | 6 months | 3 years | 1 year |
|---|---|---|---|---|---|---|
| | | 1 year<br>$1000 fine | 2 years<br>$100,000<br>fine | 6 months | 4 years | 1 year |

Based on the above, I understand the sentencing range applicable for my crime.

(i) I know that the sentence is imposed by the Court. The Court is not bound by any promises made by anyone concerning sentencing. Any promises or agreements made to me with respect to the sentence, that are not set forth in this document, are invalid.

(j) I know that by pleading guilty to a felony offense, from this point forward I may not and it will be illegal for me to own, possess, or use any firearms.

(k) I understand and agree that by pleading guilty to any criminal offense in this case, if I have a history of any sex offenses or if I have been previously convicted on or after January 1, 1994, of any type of sex-related criminal offense, including attempt, solicitation, and conspiracy to commit a sex-related criminal offense, or if I have been previously convicted on or after July 1, 2000, of any criminal offense, the underlying factual basis of which involved a sex-related criminal offense, I will be required, as part of the pre-sentence investigation by the Probation Department, to submit to a mental health sex-offense specific evaluation, and that I may be required to undergo sex offender treatment to the extent appropriate. I further understand that such sex offender treatment may include therapy, monitoring, and supervision.

(l) If applicable, I am aware that I am pleading guilty to a **SEXUAL OFFENSE**. With my lawyer, I have reviewed the **attached documents** explaining the elements of the charge I am pleading guilty to and the potential penalties for that **sex offense**. I have initialed and signed the attached documents because I thoroughly understand them.

(m) I know that if I am pleading guilty to a misdemeanor offense, I may be sentenced to the Denver County Jail for as little as the minimum lawful term or as much as the maximum lawful term. I know the applicable sentencing range for my misdemeanor offense as indicated in the box below is:

| **MARKED BOX INDICATES APPLICABLE SENTENCING RANGE** | **MISDEMEANORS** COMMITTED ON OR AFTER JULY 1, 1993 | | |
|---|---|---|---|
| | CLASS | **MISDEMEANORS** | |
| | | MINIMUM | MAXIMUM |
| | 1 | 6 MONTHS | 18 MONTHS |

Exhibit 2

# PLEA AGREEMENT

Below is the complete and accurate agreement between the People of the State of Colorado, as represented by the prosecutor, and the above-named Defendant, as represented by his attorney. All concessions and stipulations are fully set forth herein.

1.      The Defendant will enter a plea of **GUILTY** to the charge of:

<u>COUNT THREE: MEDICAID FRAUD AND WASTE, 24-31-808(1)(G), (4), C.R.S. (F5) {53651}</u>

2.      In exchange for the above guilty plea, The People will dismiss **COUNTS ONE, TWO, AND FOUR,** after the Court accepts the above guilty plea and any agreement(s) of the parties.

3.      The People and the Defendant have agreed and stipulated to the following concession(s)

A. (all concessions are set forth herein):  __Two Years Colorado Department of Corrections Sentence  and one year mandatory parole concurrent to sentence in United States District Court- District of Colorado, Criminal case No. 23-CR-00074-NYW. This sentence would be served in the federal prison system.  The parties stipulate to Restitution of $372,150.47 to Colorado Department of Health Care Policy and Financing, c/o Colorado Attorney General's Office, Colorado Medicaid Fraud Control Unit, Ralph L. Carr Colorado Judicial Center, 1300 N. Broadway, Ninth Floor, Denver, CO 80203.

I swear or affirm that I have read and understand this entire document, and every representation I have made is true.

_____      Date: 5,1),27
Defendant:  Dejane Reaniece Lattany

As defense counsel, I affirm that the above-named Defendant has executed the foregoing "The Defendant's Request to Plead Guilty (Crim. P. Rule 11 Guilty Plea Advisement)." As defense counsel I have thoroughly reviewed this document with the Defendant in regard to the entry of this guilty plea.

_____      Date: 5-18,23
Defense Counsel: Jason Flores-Williams, Reg. No. 49702

_/s/ Daniel T. Brechbuhl___      Date: __5/1/23_____
Prosecuting Attorney:  Daniel T. Brechbuhl, Reg. No. 31047

9

Exhibit 3

## FSA Time Credit Assessment
Register Number:51090-510, Last Name:LATTANY

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only ------------------
All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case SCA days as of 10-15-2024. These dates
can change if there are changes to one or more of the following: the individuals FSA risk,
FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 365 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1) THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a) CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.

---
Projected Release Date: 04-25-2027
Projected Release Method: GCT REL
FSA Projected Release Date: 01-15-2027
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 04-25-2026
SCA Conditional Placement Days: N/A
SCA Conditional Placement Date: N/A
FSA Conditional Placement Days: N/A
FSA Conditional Placement Date: N/A
Conditional Transition To Community Date: N/A
--- SCA Ineligible ---------------------------------------------------------------------------
--- Detainers
Id  Lodged      Org Authority
001 01-31-2024  SCO COLORADO DOC/ DENVER COUNTY SHEIRFF DEPT

10-15-2024                          (4)                     Assessment# -2144217899

Exhibit 3

Mrs. Mallard
Mr. Bishop
Records.

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 13360.16, Administrative Remedy Program, (December 31, 2007), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | LATTANY, DeTane | Register Number | 51090-510 |

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. Regional provided A.W. Mr. Hess with the paperwork And instructions to justify the "Detainer" However, the paperwork states to "Detain" me Based off the attached mittimus for my 2 year sentence that the state imposed. There is NO paperwork stating that I am To Be Detained past my 2 year sentence. How Are you Able to Detain me past the Legal sentence without an order or paperwork justifying it?

2. Briefly state the action you request to resolve your complaint. I AM Requesting that you Refer to the Legal paperwork justifying the Detainer for my two year concurrent Sentence And Fix the Date. I Started serving my 2 year State sentence in 2023, Therefore it ends in 2025, OR produce Legal paperwork from the State of Colorado that gives you the Right to Detain me past my Legal State sentence.

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint. I spoke with Regional along with Mr. Hess To Get the paperwork sent Here to Justify Detainer, I went to Open House to Ms. Mallard. I explained that the date Matters Because you Are Detaining me until 2027 Illegally from a verbal phone call that contradicts the paperwork sent to the BOP. I AM NOW Going to Hold you legally Responsible for your failure to Act.

4. GIVE THIS COMPLETED FORM TO YOUR UNIT COUNSELOR FOR RESPONSE.

TO BE COMPLETED BY STAFF        Date Received by Counselor for Response   6-26-24

Summary of investigation (place response on this form):
I/M Latthany 51090-510 arrived here to FMC Carswell with a Detainer for a Colorado Department of Corrections/Denver County Sheriff Department sentence in case number 22CR6134 that was placed on her by FCC Victorville. Colorado sent Victorville paperwork on January 31, 2024, placing the detainer. The paperwork contained a letter and her judgment order instructing the Bureau to place a Detainer on her. The Detainer judgment order stated that she was sentenced to 2 years starting on May 22, 2023, followed by 24 months of mandatory parole required by statute. Verification was made on March 13, 2024, by the Deputy Case Management Coordinator at FCC Victorville with Colorado DOC/Extradtions Operations Coordinator. They stated via email that I/M Latthany 51090-510 must be extradited back to Colorado to be processed for parole. Colorado states that the projected parole termination date is 05-22-2027. Legally the ISM Department cannot remove this Detainer unless instructed to do so in writing(verified) by the agency that place the Detainer, which in this case is Colorado DOC/Denver County Sheriff Department. Therefore, the Detainer will stay in place until Colorado DOC/Denver County Sheriff Department decides to remove it.

What actions were taken to resolve this matter informally (place response on this form):

Contacted R&D

Explain reasons for no resolution (place response on this form):

3. Time Issued BP 8.5   6·26·24                          Unit Team Member:  MBish

4. Time Inmate Returned BP 8.5   7·17·24                  Unit Team Member:  MBish

Time Investigation on BP 8.5 Completed and BP-9 (BP229(13)) issued: _____

Manager/Camp Administrator Signature: _____

_____ (date), this issue was informally resolved.

_____
Signature                                  Date

Caption: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing. (2) If it is NOT informally resolved, for the original (attached to BP-9 form) to the BP-9 Coordinator's box in the Warden's Office

Exhibit 3



**SHERIFF DEPARTMENT**
DENVER PUBLIC SAFETY

Denver Sheriff Department
Downtown Division Civil Unit

201 W. Colfax Avenue
Denver, CO 80202
p: 720-865-9656
f: 720-865-9590
www.denvergov.org/sheriff

January 31, 2024

FCC Victorville
Attn: A Hatt
P.O. Box 5400
Adelanto, CA 92301

RE:   LATTANY, DEJANE R.   DOB: 6/30/1990
      Denver District Case No.: 22CR6134
      BOP # 51090-510

To Whom It May Concern:

We have been informed that Dejane Lattany is in your custody. This letter will serve as our lodging of a detainer against her for charges in Denver District Court.

Enclosed please find a copy of the court mittimus, to be lodged as a detainer for Dejane Lattany. Court mittimus issued by the Honorable Judge Christine Antoun, Denver District Court, Denver Colorado.

Dejane Lattany is a Black female, 5'6"tall, 199 lbs., brown hair, brown eyes,
DOB: 6/30/1990   SSN: unknown

We are requesting that you lodge our court mittimus as a detainer for this department and advise the subject of same.

Should you have any questions with regards to this request, please contact Disa Gibbens of the Denver Sheriff's Office Fugitive Warrants & Extradition Unit at (720) 865-8701.
Disa.Gibbens@denvergov.org.

Thank you for your cooperation in this matter.

Sincerely,

Sheriff Elias Diggins.

cc:  Jessica Negrete, District Attorney's Office
Enclosure

FOR CITY SERVICES VISIT | CALL
DenverGov.org | 311

EXHIBIT 3

RID:D. 62022CR006134-000044

District Court, Denver County, State of Colorado
Case#:D0162022CR006134  Div/Room: 5G
JUDGMENT OF CONVICTION, SENTENCE  Amended
          The People of the State of Colorado vs. LATTANY, DEJANE REANIECE
                              DOB  6/30/1990

---

The Defendant was sentenced on:  5/22/2023
People represented by...: BRECHBUHL, DANIEL
Defendant represented by: FLORES-WILLIAMS, JASON
UPON DEFENDANT'S CONVICTION this date of:  5/22/2023
The defendant pled guilty to:
Count #      3 Charge: MEDICAID-ALTER/FALSE/CONCEAL RECORD
C.R.S # 24-31-808(1)(g),(4)                      Class: F5
Date of offense(s): 11/09/2019 to 2/17/2021   Date of plea(s):   5/22/2023

---

IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be sentenced to
THE CUSTODY OF THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS
Department of Corrections            2.00 YEARS                      COUNT      3
5/22/23: 2 YEARS PAROLE. DEF'S SENTENCE IS TO BE SERVED CONCURRENTLY TO DEF'S
SENTENCE IN FEDERAL CASE 23-CR-74-NYW. DEF'S SENTENCE IS TO BE SERVED IN THE
BUREAU OF PRISONS.
STAY OF EXECUTION IS GRANTED UNTIL 8/29/23 AT 1 P.M.                        /MSA
09/06/2023 - STAY OF EXECUTION IS EXTENDED UNTIL 09/28/2023 AT 12:00 PM. /AKB
STAY OF EXECUTION GRANTED TO:  9/28/2023  @ 12:00 P
Plus a mandatory period of parole as required by statute.
Months on parole 0024

---

|   | Assessed | | Balance |
|---|---|---|---|
| $ | 377,172.47 | $ | 377,172.47 |

---

THEREFORE, IT IS ORDERED the Sheriff of Denver County        shall convey the
DEFENDANT to the following department TO BE RECEIVED AND KEPT ACCORDING TO LAW
COLORADO STATE DEPARTMENT OF CORRECTIONS DIAGNOSTIC CENTER

---

ADDITIONAL REQUIREMENTS

---

JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:

DATE 9/7/23   NPT 5/22/23   JUDGE/MAGISTRATE _____
                                          CHRISTINE CATHERINE ANTOUN

Sheriff's Certificate of Completion
The court orders the sheriff to complete this certificate and return to the
clerk of court upon the release of the defendant from their custody.
I certify that I executed this order as directed and released the defendant
on_____ (Date).
Date_____              Sheriff_____
By Deputy_____

Exhibit 4



| DISTRICT COURT, DENVER COUNTY, COLORADO | |
|---|---|
| Court Address: | |
| 1437 BANNOCK STREET, RM 256, DENVER, CO, 80202 | |
| THE PEOPLE OF THE STATE OF COLORADO | DATE FILED |
| v. | October 11, 2024 |
| **Defendant(s)** DEJANE REANIECE LATTANY | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2022CR6134 |
| | Division: 5G        Courtroom: |

**Order Denying EMERGENCY MOTION FOR REQUEST FOR A MEETING VIA VIDEO OR TELEPHONE**

The motion/proposed order attached hereto: DENIED.

The Court does not schedule meetings on criminal matters. As noted in a prior order, this Court does not have authority over the Bureau of Prisons and cannot issue any orders regarding the location of incarceration. As there are no pending matters in this case, the Court declines to schedule any hearing dates.

Issue Date: 10/11/2024

DEMETRIA ELIZABETH TRUJILLO
District Court Judge

CxHibiF 4

| DISTRICT COURT, DENVER COUNTY, COLORADO | |
|---|---|
| Court Address: | |
| 1437 BANNOCK STREET, RM 256, DENVER, CO, 80202 | |
| THE PEOPLE OF THE STATE OF COLORADO<br>v.<br>**Defendant(s) DEJANE REANIECE LATTANY** | **DATE FILED**<br>September 26, 2024<br><br>⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2022CR6134 |
| | Division: 5G          Courtroom: |
| **Order Re: Letter dtd 9/14/24 RE: Defendant's Health w/attach** | |

The motion/proposed order attached hereto: NO ACTION TAKEN.

The Court has reviewed the foregoing letter.

To the extent Ms. Lattany is seeking relief from circumstances involving the Bureau of Prisons relative to her health issues, this Court does not have jurisdiction to grant any relief.

Issue Date: 9/26/2024

DEMETRIA ELIZABETH TRUJILLO
District Court Judge

Exhibit 4

TRULINCS 51090510 - LATTANY, DEJANE REANIECE - Unit: LOS-G-S

---------------------------------------------------------------------------

FROM: Lattany, Anezshe
TO: 51090510
SUBJECT: Hey
DATE: 03/11/2024 05:06:06 PM



Hello Ms. Lattany,

I am more than happy to speak with the public defender and/or the case manager to advise that CDOC does not show a detainer in our system for Dejane Lattany. Please feel free to give them my information if necessary.

This is what head of doc wrote her email is jacqueline.sherbo@state.co.us

Exhibit 5 - Can Supplement 2255, Injunction and Emergency Compassionate Release

tal only when the swelling compromised her internal organs. When she was released back to Carswell, medical staff refused to use Genice's method to move her bowels despite their method not working. Utterly dependent on her caregivers, Genice went for weeks without a bowel movement.

"Ms. Stribling," the prison doctor who oversaw her first traumatic months at Carswell leaned over and whispered in her ear, "we cannot care for you here. File the compassionate release paperwork and I'll recommend you for home confinement." But when Genice's attorney reached out to him for the recommendation, something had changed. The doctor just shook his head. "I'm sorry, I can't do it," he said, and refused to comment further. Another doctor quit after three weeks on Genice's unit after unsuccessfully arguing that they couldn't possibly meet her needs. "Nothing they're doing at that prison is ethical," she told a family member later.

Carswell's reputation extended well beyond its walls. "I took an oath. Just being in that place betrayed it," Kathleen Rumpf of the Catholic Workers Association lamented. "I have never seen anything like the corruption and cruelty at Carswell Women's Prison Hospital." A former medical officer at Carswell, Dr. Roger Guthrie, even filed a formal complaint with the U.S. Office of Special Counsel in which he detailed substandard care, medical mistakes, and delays in treatment leading to numerous cases of prisoner death and endangerment. He documented repeated incidences of falsified medical records and documents, the rape and sexual abuse of women prisoners, and misappropriation of funds intended to provide medical care for incarcerated women.

Even the media had found their way to the story. "If I have to stay in here," Genice told one reporter investigating prison hospital conditions, "I'll probably end up dead."

None of this made it any easier for Sharanda, who was halfway across the country from her family, serving her sentence 850 miles away in Tallahassee, Florida. Weasel, housed at Carswell's low-security camp across the street from the medical center, heard of

Chapter 10

# GIRLS EMBRACING MOTHERS

The ACLU calls Carswell Federal Medical Center a "hospital of horrors"—and for good reason. Women are sent there with diagnoses requiring urgent medical care and then are routinely denied treatment. Prescriptions are thrown out upon arrival until new tests can be ordered—tests that are often put off for months, at which point the woman's health has declined to the point of no return. Carswell is the only medical facility for women in federal prison, but from the beginning it was obvious the prison hospital was ill-equipped to handle a situation as severe as Genice Stribling's.

Within days of her arrival, the untrained prison aides assigned to help Genice rolled her out of bed incorrectly and broke her ankle. A day later, her toe. They put her in a full-body lift-sling and hoisted her high in the air onto a cot, but didn't fasten the sling correctly; Genice fell out and broke her tailbone. Prison doctors deemed treatment unnecessary, as Genice "couldn't feel it anyway." Her body swelled so severely they kept her in a compression brace for twenty-four hours a day, rushing her to an outside hospi-

TRULINCS  51090510 - LATTANY, DEJANE REANIECE - Unit: CRW-F-A

---------------------------------------------------------------------------------------------------

FROM: 51090510
TO: Psychology Services
SUBJECT: ***Request to Staff*** LATTANY, DEJANE, Reg# 51090510, CRW-F-A
DATE: 10/07/2024 07:15:17 AM

To: Dr. Young/Dr. Reynolds
Inmate Work Assignment: Medical idle

goodmorning,

I am also unsure of how i am medically cleared when i never stopped bleeding since coming back from the hospital. According to P.A Smith, i was supposed to have an ultrasound and address the pain in my pelvic area. She also ordered labs showing that i was depleted  of nutrients due to no being able to go to the chow hall to eat real meals. My labs probably improved as of friday because some times the inpatients will share their tray if they dont eat it. I am trying to do what i can.
-----LATTANY, DEJANE REANIECE on 10/6/2024 5:53 PM wrote:

>

Hello Dr. Young.

I wanted to let you know that over this weekend, I had a nervous breakdown. I understand that I need to be moved at some point. I have been trying to see if the Medication that Dr. Allison precscribed is working but it is not working. When I leave the unit at any time, my chest pains increase, everything gets blury and I feel blacked out and I dont know what is going on. I am afraid of this because when I am telling the staff about my chest pains.. its the same way AIC yolanda did who i whitnessed and now she is not alive.

even though I have to be moved for the space,  I am willing to be moved.. However, moving at this time scares me because I have not been able to attend chow at all. I have not been able to eat any real meals except when an inmpatient doesnt want their food and they put it in a bowl for me to eat. And I have not also been stabelized. I have lost 20ibs in 2 months... while that seems good, it wasnt done by choice or in a healthy mannor.

I have asked for milk And food to be sent up here temporarily until the medication works and i can atleast go to meal times. Its not all the time that another AIC will help me. and nothing has been done. Ive been ignored.

I was told to eat with the medicine as you know it is hurting my stomach but I am despiratly trying to get out of this stuff with my anxiety, depression, fears, chest pains. I have never been this way in my life.



U.S. POSTAGE PAID
FCM LG ENV
NAVAL AIR STATION JRB
TX 76127
OCT 29, 2024
$0.00
S2324H5041272

RDC 99
Retail
80094

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7022 1670 0001 7324 8057

BL

<>51090-510<>
Alfred A Arraj
901 19TH ST
Room A105
Denver, CO 80294
United States

Lottany, Dejane
Bop Registration Number: 51090-510
P.O. Box 27137
Federal Medical Center, Carswell
Fort Worth TX, 76127-0137

Legal Mail



FMC Carswell
P.O. Box 27066
Fort Worth, Texas
This letter was processed through special
mailing procedures for forwarding to you. The letter
has neither been read nor inspected. If the writer
raises a question or problem over which the facility
has jurisdiction you may wish to return the material
for further information or clarification.