FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN -9 2025

JEFFREY P. COLWELL
CLERK

In The United States District Court
for the District of Colorado

United States of America | Criminal Case No. 23-cr-00074-NYW
v. | Civil Case No. 23-cv-03024-NYW
Dejane Reaniece Lattany |
| * Response To United States' Response To Amended (Supplemental) Motion to Vacate

Dejane Reaniece Lattany's Response To United States' Response To Amended (Supplemental) Motion To Vacate.

1. The Government states that they find it "unclear whether counsel's supposed ineffectiveness lay in this supposed advise to put the home into a foreign trust to sheild it from forfeiture (which would raise all sorts of questions about his professional conduct) or his advice to agree to forfeiture in the plea agreement. Either way, her claim fails."

With the personal issues happening with my children and family at home, my health here and not having the resources and legal knowledge, I am doing my best to address the government's statement on this matter.

I want to make clear with this court that I am not petitioning to keep the property. My mentioning of an unlawful forfeiture and my willingness to take a lie detector test on all matters, including that of my former attorney advising me to sign the plea agreement (forfeiting the house) and to also place the property in a foriegn trust to avoid the property from being taken illustrates that I was given ineffective assistance from my former counsel and in addition, like the Government stated themselves,

"which would raise all sorts of questions about his professional conduct". His professional conduct is directly linked to the effectiveness of his assistance to me as my former counsel. This fact and statement by the government, cover the first prong of the Strickland test (Defense counsel's performance fell below an objective standard of reasonableness to be expected of professional attorneys), and should compel this court to further consider granting my §2255 motion.

2. The Government argues that a "defendant is not prejudiced by 'erroneous advice' when she is 'correctly informed' by the district court or other sources. Schumacher v. Ortiz, 406 F. App'x 290, 293 (10th Cir 2010) (unpublished). However, it has been noted by the court that my former counsel Jason Flores Williams withdrew from representation of me after sentencing and before the judgement was entered [See doc 26].

In my response to the prosecution's rebuttal to my 2255 Ineffective Assistance of Counsel Motion, I highlighted the difficulties in communication with my former counsel. I also highlight Jason Flores Williams' refusal to review the case after abandoning me and failing to fulfill his duties leaving me without support/representation during the critical phases of my legal proceedings.

The prosecution/government keep stating/continue to state that I was adequately informed about the uncertainties of sentencing outcomes and that any additional advice from counsel would not have prejudiced me. The government/prosecutors' argument overlooks and continues to overlook the fundamental role of counsel in ensuring that I fully understand my options and potential consequences. The general uncertainties ~~Do Not~~ rule out my former counsel's specific errors regarding the impact of my state conviction on my Federal

sentencing. No Matter What the Government or the Court stated During sentencing, I was Told By my Former Attorney to Say Yes and that I understood, to everything and that He (Former counsel/Jason Flores Williams) would explain later. I did not even get to Read the Plea Agreements for the State of Colorado or the Federal Government And I was Pushed more than Twice To Sign them during court. He Never explained Anything. Your Honor, I will take a LIE detector Test on all of my claims.

There are discrepencies that show in my State plea agreement where I did not initial any of the terms. My Former Counsel Initialed them and Had me to sign the last page. Without Reading. What I signed for the State, States 1 year parole while I am Stuck In Federal Custody Because there is Actually 2 years of Parole, enabling the State to place a detainer/Request a detainer for 2 years parole. Mistakes Like this, If Jason Flores Williams Had allowed me to read the Plea Agreemnt myself, I would Have noticed, Just like I noticed the state of Colorado Has claimed over 300,000 dollars of money that is Not their's and can easily Be traced Back to the Federal Government and Not from Colorado Medicaid. I Have Shown Proof through Text Message, that When I Realized What was Happening, I Notified Mr. Jason Flores Williams. While Jason Flores Williams was Aware of this, He still allowed me to Be convicted and charged when I was against it, telling me that He is the professional And He Knows what He is doing. All of this was said infront of my children's father and my Grandmother (They can Be placed on the stand to testify). I will take a Lie detector test about this As well.

Furthermore, the Government/Prosecution stated again that I was asserting that I would have gone to trial in my federal case. However, please allow me to humbly make a clear statement once again that the Government's arguments fail to acknowledge the flawed basis upon which I made my decision. Had I been properly advised, I may have chosen to pursue trial as a rational course of action specifically for my state case. The prosecution's assertion that I was not prejudiced by counsel's erroneous advice lacks merit.

See Strickland v. Washington 466 U.S. 668, 697 (1983) See Also Wiggins v. Smith 539 U.S. 510, 522, 524 (2003)

My allegations of ineffective assistance of counsel meet each prong of the Strickland test. ① Defense counsel's performance fell below an objective standard of reasonableness expected of professional attorney's. Unreasonable performance expected of professional attorney's is demonstrated by the Government's/Prosecution's statement that my former counsel's "advice to put the home into a foreign trust to shield it from forfeiture (which would raise all sorts of questions about his professional conduct)..."; along with his own initials portrayed as my own on each plea agreement (indicating that I understand the contents, in which I DID NOT in fact understand); along with allowing the state to use evidence (false evidence) against me and claim funds that belong to the Federal Government (funds that should have been recouped for the federal restitution); along with the court's observation that Jason Flores Williams withdrew from representing me before the judgment was entered; along with the screen shot of the text message showing that I disagreed with handing

Case No. 1:23-cr-00074-NYW   Document 116   filed 06/09/25   USDC Colorado   pg 5 of 9


⑤ of 7

over Evidence from my Federal case for the State of Colorado to claim and use against me, along with additional specifics of my claims that my former counsel was aware of.

2. Whether there is a reasonable probability that the outcome of proceedings would have differed but for the deficiency of the legal representation.

The reasonable possibility that I would have not plead guilty to a/the 2 point conviction Federally and would have not plead guilty to the State charges is demonstrated by the fact that if my former counsel had not told me to submit that account of only Federal Funds to the State of Colorado/Medicaid to claim and convict me with and lie at both State and Federal Changes of plea Hearings and Sentencing Hearings, saying that I understand everything, even when I didn't and still don't today, based on false promises. The Text message Located in the exhibits along with statements from my children's Father and Grandmother can be obtained, along with my willingness to take a Lie detector Test and Testify, should hopefully convince the court to consider Looking into Granting my 2255 motion.

I may need some Legal Assistance explaining this, However, I was unaware of the Nature of the charges that I was pleading to, As I've stated that I was unafforded the ability to read both my State and Federal plea agreements Due to my former attorney rushing me to sign, saying to me that He will explain Later. I was unaware of the consequences of the plea agreement not knowing or understanding what I was pleading to. I was also unaware of the Nature of the Rights I was Waiving By the pleadings. This is Why I put in to Do an appeal However, It took For the Appointed Federal public

defender (Josh Lilley) to point out to me that I could not do a normal appeal and Had to do a 2255. I was unaware that I signed an appellate waiver.

If I am not mistaken, the plea agreements for both Federal and State can be deemed invalid based off of what really Happened During this entire Legal process.

A plea Agreement is Invalid if a defendant is not informed of the Nature of the Charges against Her, including "critical" elements of the offense. See Henderson v. Morgan. Even if/when the Prosecution stated anything informational During any court Hearing, I was told to just say Yes and Demonstrate that I firmly understood even when I did Not. (I trusted my former attorney to later explain as He said He would). He told me If I Show'd any confusion or Hesitation, then the judges would not accept and things would Be Bad/Worse.

My claims, though need legal training to explain, still stand that I was afforded Ineffective Assistance of counsel in Both my state and Federal Cases, ProSecutional Misconduct (Confirmation Bias) on the STATE Level, Prevention of Trial on the state Level, failure of Counsel to Investigate and I was advised to Lie During the change of plea for Both my State and Federal Cases, stating that I understood the elements, the consequences, Nature of charges and Rights During the change of plea and at Sentencing. I will testify and Take a Lie detector Test on all of What I Have Stated.

I suffered prejudice from erroneous advice. There were many deficiencies in my former counsel's performance and regardless of the significant developments, long before the change of plea, I've suffered ineffective assistance of counsel.

Please reference my original response to prosecution's rebuttal/2255/ineffective counsel.

I pray that this court consider the facts that I have presented along with my willingness to testify and take a lie detector test. Although I did not have legal assistance and suffer lack of resources, I pray that this court is able to see the applicability in all that I have stated and presented and how I wasn't afforded proper justice long before my current sufferings of custody placement, health, not getting released now on Second Chance Act, and not properly given First Step Act release. My guilty pleas to the state charges landed me a two point federal conviction, having to take responsibility for an extra 300,000 plus that the State of Colorado is claiming, but actually and in reality belongs to the Federal Government, making it so that my federal restitution amount is not properly balanced and much more. I was afforded ineffective assistance of counsel and on top of all that's mentioned, the last that was stated is that Jason Flores Williams has moved to Mexico and is no longer practicing law.

I pray for the well being of my former attorney.
I pray that if the Lord is willing, I am granted relief.
I pray that if this court is willing, I am granted relief.

Thank you,
DeJane Pheaniece Lattany



Lattany, DeJane
Bop Registration Number: 51090-510 2scum
P.O. Box 27137
Federal Medical Center, Carswell
Fort Worth TX, 76127-0137

Alfred A. Arraj
901 19th Street
Room A105
Denver, Colorado
80294

Legal Mail

